UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MICHAEL PELLO, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-206-JD-JEM |
| CENTURION, et al., | |
| Defendants. | |

OPINION AND ORDER

James Michael Pello, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Pello is proceeding without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Pello is an inmate at Miami Correctional Facility. He claims that in April 2023, he was staying in the prison infirmary after having surgery on his scrotum. He also has an amputated right leg and uses a wheelchair. On April 19, 2023, Nurse Pam

Cool told him to take a shower. He claims he told her "this was going to be hard" to do on his own because of his physical impairments, but she allegedly told him to go shower and did not provide him any assistance. (ECF 1-1 at 1.) The shower had no grab bars and the floor was slippery, and when he got out of his wheelchair he fell. Another inmate helped him back into his wheelchair and then into his bed, after which point he began to "hurt." He was later taken to an outside hospital for treatment, and it was discovered he had a broken elbow. Based on this incident he sues Nurse Cool as well as Dr. Carl Kuenzli, Nurse Practitioner Kim Meyers, Health Care Administrator Leann Ivers, and the Indiana Department of Correction ("IDOC") seeking money damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to "an excessive risk" to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (cleaned up). On the second prong, the plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–

2

26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

In general, a fall caused by exposure to slippery floors does not amount to an Eighth Amendment violation. *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces . . . without more, cannot constitute a hazardous condition of confinement"); *Perkins v. Atrisco*, No. 3:22-CV-1052-DRL-JEM, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("Federal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims."). Here, however, there were extenuating circumstances which made it inherently dangerous for Mr. Pello to take a shower by himself: he only has one leg, uses a wheelchair, and was recovering from a recent surgery. To add to matters, there were no grab bars in the shower. He alleges Nurse Cool was aware of these facts, yet she allegedly refused to provide him with any assistance, causing him to fall and injure himself. Giving him the inferences to which he is entitled, he has alleged enough to proceed against Nurse Cool on a claim for deliberate indifference to an excessive risk to his safety.

As for NP Meyers, he does not describe what personal involvement she had, if any, with respect to his showering that might be deemed deliberate indifference. The mere fact she was on duty on the date of this incident does not mean she can be held liable for damages. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He mentions having made a "report" to Ms. Ivers after this incident, but merely writing to a prison

3

employee after-the-fact does not provide a basis for imposing damages against them for a constitutional violation. *Id.* The court cannot plausibly infer from his allegations that Ms. Ivers and NP Meyers were involved in the decision to have him shower on his own, and they cannot be held liable for the "misdeeds" of another prison employee. *Id.*

As for Dr. Kuenzli, Mr. Pello appears to be trying to hold him liable as the medical professional in charge in the infirmary. However, there is no respondeat superior liability under 42 U.S.C. § 1983, and the doctor cannot be held liable for damages solely because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks*, 555 F.3d at 595. He also names the IDOC as a defendant, but this state agency has Eleventh Amendment immunity in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019).

Finally, he sues Centurion, the private company that employs Nurse Cool and the other medical staff at the prison. There is no respondeat superior liability under 42 U.S.C. § 1983, and a private company cannot be held liable for damages simply because it employed a medical professional who engaged in wrongdoing. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To

4

allege a plausible *Monell* claim, the plaintiff must identify an official corporate policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Pello does not identify an official policy held by Centurion that caused him injury, nor does he allege facts plausibly suggesting the existence of a widespread custom of unconstitutional conduct within the corporation. Rather, he describes individual failings by Nurse Cool in this one instance, which does not state a plausible *Monell* claim. *Howell*, 987 F.3d at 654; *Gill*, 850 F.3d at 344.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Nurse Pam Cool in her individual capacity for money damages for deliberate indifference to an excessive risk to his safety in violation of the Eighth Amendment when she failed to assist him in the infirmary shower on or about April 19, 2023, causing him to fall and break his elbow;

(2) DISMISSES Centurion, Kim Meyers, Carl Kuenzli, Leann Ivers, and DOC as defendants;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Pam Cool at Centurion Health and to send her a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Nurse Pam Cool to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 16, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT